UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES TRAXLER,

       Petitioner,                          Civil Case No. 4:15-cv-10995
                                                    Honorable Linda V. Parker

v.

RANDALL HAAS,

       Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

      Petitioner James Traxler ("Petitioner"), confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his convictions in the Circuit Court for Newaygo County, Michigan for second-degree murder in violation of Michigan Compiled Laws Section 750.317, and felony-firearm in violation of Michigan Compiled Laws Section 750.227b. For the reasons that follow, the Court is summarily dismissing the petition without prejudice.

1

### I.       Background

Petitioner was convicted of the above offenses in September 2012, following a jury trial.  Petitioner filed an appeal of right with the Michigan Court of Appeals, claiming that the trial court erred in permitting expert testimony in the area of competency and mental illness where the testimony did not meet the requirements of Michigan Rule of Evidence 702 and that trial counsel was ineffective for failing to move for the exclusion of this testimony.  The Michigan Court of Appeals affirmed Petitioner's convictions.  *People v. Traxler*, No. 314951, 2014 WL 2934293 (Mich. Ct. App. June 26, 2014).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court.  In addition to the claims raised before the Michigan Court of Appeals, Petitioner asserted for the first time that he was deprived of the right to present a defense and the effective assistance of counsel when Petitioner's trial counsel failed to raise self-defense at trial.  The Michigan Supreme Court granted Petitioner permission to add his self-defense claims to his application for leave to appeal, but then denied Petitioner leave to appeal on February 3, 2015.  *People v. Traxler*, 858 N.W.2d 452 (Mich. 2015) (Table).

Petitioner seeks a writ of habeas corpus on the following grounds:

> I.  The trial court erred in allowing "expert" witness testimony in the area of competency and mental illness where the testimony did not meet the requirements of Michigan Rule of Evidence 702.

> II. Defendant was denied his constitutional right to effective assistance of counsel and is thus entitled to a new trial because defense counsel failed to move to exclude expert testimony that did not meet the requirements of MRE 702, and had the testimony been excluded it is reasonably probable that the results of the trial would have been different.
>
> III. Mr. Traxler was deprived of the right to present a defense and the effective assistance of counsel when trial defense counsel failed to raise the defense of self-defense.

**II.     Discussion**

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b), (c); *Picard v. Connor*, 404 U.S. 270, 275-78 (1971). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Therefore, a federal habeas court must review each claim for exhaustion before any claim may be reviewed on the merits. *Id.* The court generally must dismiss a petition containing both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the State's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that state prisoners in Michigan must present their habeas claims to the Michigan Court of Appeals and the

Michigan Supreme Court before they can raise them in a federal habeas corpus petition. *See Sanders v. McKee*, 276 F. Supp. 2d 691, 693 (E.D. Mich. 2003).

A habeas petitioner has the burden of proving his exhaustion of available state court remedies. *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). The failure to exhaust those remedies may be raised sua sponte by the federal habeas court. *Eakes v. Sexton*, 592 F. App'x 422, 430-31 (6th Cir. 2014).

The present petition is subject to dismissal because it contains unexhausted claims. Petitioner specifically indicates that he first raised his third claim alleging that trial counsel was ineffective for failing to raise a self-defense claim only when seeking leave to appeal before the Michigan Supreme Court. "The general rule in the federal habeas context is that the submission of new claims to a state's highest court on discretionary review does not constitute fair presentation of the claims to the state courts." *Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011) (citing *Castille v. Peoples*, 489 U.S. 346, 349 (1989)).

Although Petitioner raised an ineffective assistance of trial counsel claim on direct appeal involving counsel's failure to object to the admission of expert testimony, this was different than the ineffective assistance of counsel claim he raised for the first time with the Michigan Supreme Court. A habeas petitioner is required to present to the state courts " 'the same specific claims of ineffective assistance [of counsel] made out in the habeas petition.' " *Wyldes v. Hundley*, 69

4

F.3d 247, 253 (8th Cir. 1995) (quoting *Tippitt v. Lockhart*, 903 F.2d 552, 554 (8th Cir. 1990)); *see also Caver v. Straub*, 349 F.3d 340, 346-47 (6th Cir. 2003) (quoting *Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987) ("Fair presentation . . . requires that 'the same claim under the same theory be presented' for the state court's consideration. . . . Thus, to the extent that an ineffective assistance of counsel claim is based upon a different allegedly ineffective action than the claim presented to the state courts, the claim has not been fairly presented to the state courts."). Therefore, because Petitioner failed to present his third claim in his direct appeal to the Michigan Court of Appeals, his subsequent presentation of the claim to the Michigan Supreme Court failed to satisfy the exhaustion requirement for habeas purposes and the claim is unexhausted.

Petitioner has an available state court remedy to exhaust his third claim. He may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq*.

As indicated, the Supreme Court directed district courts to dismiss mixed petitions without prejudice in *Rose v. Lundy*, 455 U.S. at 522. However, with the amendment of the habeas statute to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. As a result, the Sixth Circuit has adopted a stay-and-abeyance procedure to be applied to mixed petitions when

the dismissal of the mixed petition could jeopardize the timeliness of a subsequent petition. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n. 1 (6th Cir. 2002). In *Palmer*, the court directed district courts to dismiss only the unexhausted claims and stay further proceedings on the exhausted claims until the petitioner has exhausted his claims in the state court. *Id.* Moreover, the Supreme Court has instructed that stay and abeyance should be employed only where the "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. The Court finds it unnecessary to address these latter requirements because the statute of limitations does not pose a problem for Petitioner and thus his petition should be dismissed without prejudice.

The Michigan Supreme Court denied Petitioner's application for leave to appeal on February 3, 2015. Petitioner did not submit a petition for writ of certiorari in the United States Supreme Court. The AEDPA's one year limitations period therefore did not begin to run until the ninety-day period for seeking certiorari expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Thus the one year limitations period did not begin to run until May 5, 2015.

Petitioner filed the instant petition with this Court on March 11, 2015, before his conviction even became final in the state courts.[1]  Moreover, 28 U.S.C. § 244(d)(2) expressly provides that the AEDPA's one year limitations period is tolled during the pendency of any state post-conviction motion filed by Petitioner. Thus because Petitioner has an entire year remaining under the limitations period, and any unexpired portion of that period will be tolled during the pendency of any state post-conviction proceedings, Petitioner would not be prejudiced if his habeas petition is dismissed without prejudice to allow him to exhaust his third claim. Thus a stay of the proceedings is not necessary or appropriate to preserve the federal forum for Petitioner's claims.

## III.  Conclusion

For the above stated reasons, the Court is summarily dismissing the petition for writ of habeas corpus without prejudice.  The Court also is denying Petitioner a certificate of appealability with respect to this decision.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28

---

[1] Under the prison mailbox rule, the Court assumes that Petitioner actually filed his habeas petition on March 11, 2015, the date that it was signed and dated.  *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

Reasonable jurists would not find it debatable whether this Court was correct in its procedural ruling that Petitioner failed to exhaust an available state court remedy with respect to his third claim and that dismissal without prejudice is the appropriate remedy. The Court also is denying Petitioner leave to appeal in forma pauperis because any appeal would be frivolous.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that the Court declines to issue a Certificate of Appealability or leave to appeal in forma pauperis.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: April 13, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 13, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>
Case Manager