UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES TRAXLER,

    Petitioner,

v.                                            Case No. 1:17-CV-122

SHERRY BURT,                           HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, James Traxler, filed a petition for habeas corpus under 28 U.S.C. § 2254. After reviewing Traxler's amended petition, Respondent Sherry Burt's response, and the pertinent portions of the record, Magistrate Judge Phillip Green issued a Report and Recommendation (R & R), recommending that the Court deny Traxler's petition. (ECF No. 27.) Traxler filed a motion for extension of time to file objections (ECF No. 28) but subsequently filed timely objections. (ECF No. 31.) Because Traxler filed timely objections, the motion for extension of time will be denied as moot.

Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After

conducting a de novo review of the R & R, Traxler's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Traxler raised three grounds for relief in his habeas petition. First, that he was deprived of the right to present a defense and deprived of effective assistance of counsel. Second, that his counsel was ineffective for failing to move to exclude expert testimony. Third, that his appellate counsel was ineffective. The first and third grounds derive from Traxler's argument that his counsel failed to adequately argue and present a self-defense argument. The R & R found that this argument is "entirely unsustainable on the record" and accordingly recommended dismissing Traxler's first and third grounds for relief. The R & R also recommended dismissing Traxler's second ground for relief. The R & R concluded by recommending that the Court deny a certificate of appealability.

Traxler made four objections. The first three objections relate to Traxler's self-defense-related grounds for relief. The fourth is that the R & R erred in recommending that a certificate of appealability be denied. Traxler did not object to the R & R's recommendation related to his argument that counsel was ineffective for failing to move to exclude expert testimony. Accordingly, the R & R will be adopted as to that issue. *See, e.g.*, *Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed'n of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987) (stating that "making some objections but failing to raise others will not preserve all the objections a party may have").

Traxler first objects that the R & R misread his grounds for relief. He argues that the R & R analyzed his ineffective assistance claim as a failure to raise the defense of self-defense, when in fact, his argument is that while his counsel *did* raise self-defense, counsel did not do so effectively. Instead, he argues, his trial counsel was ineffective by elevating the insanity defense

over self-defense. Traxler asserts that "[b]y advancing the insanity defense, counsel drew the jury's attention away from the more operable defense," *i.e.*, self-defense. (ECF No. 31.) As the R & R discussed, ineffective assistance claims analyzed under *Strickland* and brought under § 2254 are "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105, 131 S. Ct. 770, 788 (2011). The Michigan state court's determination that Traxler's argument was without merit is entitled to significant deference. Also, counsel's tactical choice to allegedly focus more on insanity rather than self-defense is entirely reasonable under the circumstances. Such tactical decisions are precisely what the deference to trial counsel is aimed to protect. Traxler's broad readings of *Strickland* and its progeny do not defeat the deference owed. Accordingly, in light of the deference owed to the Michigan courts and the underlying deference to trial counsel's strategic decisions, the R & R will be adopted.

Traxler's second objection is related to the first. Traxler argues that magistrate did only a cursory review of the record. This is a misreading of the R & R. The magistrate recognized that Traxler's arguments were weak enough to "collapse[] on even cursory review of the trial transcript." (ECF No. 27 at PageID.1861.) This does not mean that the magistrate did, in fact, do a cursory review—only that Traxler's arguments are so weak as to fail under a cursory review. The R & R's recounting of the trial, opening and closing statements, and jury instructions demonstrate a thorough review of the record. Traxler's objection is without merit.

Traxler's third objection is that the R & R inadequately considered his motion to amend, in which he included the police report after the shooting. In both that motion and his objection, Traxler argues that witness Eric Carrier's testimony at trial "was in stark contrast" to his statement to the police after the shooting. These differences, Traxler argues, "strengthen Mr. Traxler's self-defense claim." At trial, Carrier testified that the victim was looking down and doing something

with the mower, then turned and looked toward Traxler, and Traxler shot him. (ECF No. 16-9 at PageID.658.) Carrier's statements to police did not "differ[] dramatically" as Traxler would have the Court believe. (ECF No. 24 at PageID.1835.) In those statements, Carrier stated that the victim was looking down like he was shifting the mower when Traxler "shot him at point blank range in the right side of his head . . . execution style." (ECF No. 24-1 at PageID.1840.)

It appears that Traxler may be arguing that the police report demonstrates a prior inconsistent statement—something to attack the credibility of Carrier. He argues that Carrier's testimony "would have been substantially diminished and the jury would have reasonably believed Petitioner acted in self-defense." (ECF No. 31 at PageID.1885.) Michigan has a high bar for admitting purported prior inconsistent statements, which Traxler would not have been able to reach. *People v. Allen*, 429 Mich. 558, 650, 420 N.W.2d 499, 541 (1988) ("As a general rule, the only contradictory evidence that is admissible for impeachment purposes is that which directly tends to disprove the exact testimony of the witness.").[1] The victim turning and looking toward Traxler was not recounted in the police report—but the absence of this fact from the report does not "disprove the exact testimony of the witness" and, therefore, would not be admissible. It also boggles the mind to think that Carrier's statement in the police report that Traxler shot the victim "execution style" would help Traxler's self-defense argument in any way. Accordingly, this objection will be overruled.

Traxler's final objection is that he the R & R erred in recommending that a certificate of appealability be denied. Traxler relies on his other objections—*i.e.*, his argument that the R & R

---

[1] There are other admissibility questions related to Traxler's claim. Not only does the police report present a hearsay-within-hearsay issue, but also police reports are generally inadmissible hearsay on their own. *See, e.g.*, *In re Forfeiture of a Quantity of Marijuana*, 291 Mich. App. 243, 254, 805 N.W.2d 217, 223 (2011).

4

did only a "cursory review" of the record and misunderstood his argument. This objection is similarly without merit and will be overruled.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Traxler has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Traxler's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Traxler's claims was debatable or wrong. Therefore, the Court will deny Traxler a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation (ECF No. 27) is **AFFIRMED AND ADOPTED** as the Opinion of this Court and Petitioner's objections (ECF No. 31) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for extension of time (ECF No. 28) is **DENIED** as moot.

A separate judgment will issue.


Dated: April 13, 2018                                    /s/ Gordon J. Quist
                                                        GORDON J. QUIST
                                                 UNITED STATES DISTRICT JUDGE